UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN A. BECK,

                               Plaintiff,

    -v-                               5:11-CV-420

GARY L. COATS, Groton Code/Fire Enforcement
Officer; GLENN MOREY, Groton Town Supervisor;
and TOWN OF GROTON,

                               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                   OF COUNSEL:

JOHN A. BECK
Plaintiff, Pro Se
422 Champlin Road
Groton, NY  13073

POMEROY, ARMSTRONG, CASULLO &      VICTORIA J. MONTY, ESQ.
   MONTY, LLP
Attorneys for Defendants
16 Tompkins Street
P.O. Box 828
Cortland, NY  13045

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

    Pro se plaintiff John A. Beck ("plaintiff" or "Beck") brings this civil rights action pursuant to 42 U.S.C. § 1983.  Beck alleges that defendants Gary L. Coats, Code Enforcement Officer for the Town of Groton, New York ("Coats"); Glenn Morey, Groton Town

Supervisor ("Morey"); and the Town of Groton ("the Town") (collectively "defendants") have violated his constitutional rights by enforcing a town land use and development code that infringes upon his freedom of speech. Plaintiff seeks compensatory and punitive damages as well as "an end to this harrassment [sic] of my civil rights." Compl. ¶ 6.

Defendants answered the complaint and have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff opposes the motion. Defendants did not file a reply. The motion was considered on submit.

## II. FACTUAL BACKGROUND

The following facts, taken from the complaint and documents incorporated by reference therein, are accepted as true for purposes of this motion.

The Town's Land Use and Development Code of 1995, Article 3, section 316.7 ("section 316.7") permits a maximum of two signs of up to fifty square feet in size on property such as Beck's.[1] In May 2009 Coats advised Beck to remove various signs from his property located along Route 222 in Groton, New York. On August 4, 2009, Coats sent a letter to plaintiff noting the continued presence of the signs and requesting a meeting. Coats issued a notice on June 10, 2010, informing plaintiff that the signs on his property violated section 316.7. This notice requested that plaintiff eliminate the violation by June 21, 2010. In July 2010 plaintiff was served with a summons accusing him of violating section 316.7 by displaying signs that exceeded the number and square footage allowed.

---

[1] Neither party has submitted the actual code in which section 316.7 appears. Plaintiff filed a document listing amendments to be made to various municipal codes, including section 316.7. See Dkt. No. 14, 6 (The pagination corresponds to the page numbers as assigned on CM/ECF. This convention will be used throughout the order for citations to exhibits.) The parties apparently agree that this document reflects the current applicable code provision, which sets the aforementioned number and size limits on property zoned "RA." See id. The parties also agree that Beck's land falls within the "RA" classification.

A bench trial was eventually scheduled for February 8, 2011, in the Town court. When plaintiff arrived at court on that date, however, he was advised by the court clerk that the case had been adjourned. On March 29, 2011, plaintiff was provided with a certificate of disposition noting that the violation had been dismissed without prejudice.

## III. **DISCUSSION**

Beck accuses defendants of "attempting to violate and remove [his] constitutional rights of freedom of speech and freedom of press" and "bringing false charges." Compl. at 3. Liberally construing the complaint, he brings a single federal cause of action challenging the constitutionality of section 316.7.[2]

In their motion, defendants argue that they are entitled to judgment on the pleadings because: (1) plaintiff only alleges that they "attempted" to violate his civil rights, which—defendants assert—does not state a claim for relief; (2) Morey and Coats are entitled to qualified immunity; and (3) plaintiff fails to identify a municipal policy, custom, or practice that caused his alleged constitutional harm. This last assertion is completely without merit as the heart of plaintiff's complaint is the constitutionality of a municipal ordinance and its enforcement by municipal officials. The Town is therefore subject to § 1983 liability. See Lusk v. Vill. of Cold Spring, 475 F.3d 480, 485 (2d Cir. 2007) (municipal ordinances constitute state action, and a cause of action may be brought against a municipality pursuant to § 1983 if an ordinance deprives its citizens of a constitutional right).

---

[2] To the extent plaintiff alleges a federal malicious prosecution claim, such fails because defendants had probable cause to believe he violated section 316.7. See Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009) (per curiam) (a lack of probable cause for the proceeding is an element of a malicious prosecution claim), cert. denied, 130 S. Ct. 1914 (2010). Indeed, plaintiff does not dispute that his signs violate this ordinance, and the photographs he has submitted show more than two large signs displayed on his property. It is the ordinance itself and its enforcement that he challenges. Any dispute over whether Beck's signs actually violate section 316.7 is properly resolved in a municipal or state court proceeding.

### A.  Judgment on the Pleadings—Legal Standard

The standard for granting a Rule 12(c) judgment on the pleadings is "identical" to that of a 12(b)(6) motion to dismiss. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), more than mere conclusions are required.  Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face").

When considering a motion to dismiss, the complaint is to be construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  These pleading requirements apply to pro se plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004).  However, particular deference should be given to a pro se litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

Finally, a district court may consider documents attached to the complaint as exhibits or incorporated by reference therein. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111

(2d Cir. 2010). Even if a document is not incorporated by specific reference, a court may nevertheless consider it "where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Id. (internal quotation marks omitted). However, even if the document is integral, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. (internal quotation marks omitted).

Beck did not attach any documents to his complaint. However, he references several documents that are integral to his claims. These documents include: an August 4, 2009, letter from Coats; the June 10, 2010, notice of code violation; the July 21, 2010, summons to appear in the Town court; a January 27, 2011, bench trial notice; and the March 29, 2011, certificate of disposition. Beck filed these documents as a "Response" to defendants' answer. Dkt. No. 14. He also submitted numerous photographs of the signs on his property. Id. at 24–29. Defendants do not question the authenticity of these documents and reference the photographs in their motion paperwork. Therefore, they will all be considered.

### B. Standing

By arguing that plaintiff fails to state a claim because he merely alleges an "attempt" to violate his constitutional rights, defendants imply that Beck has not suffered a constitutional injury and, therefore, lacks standing to bring this action.

It is well-established that "[t]o meet Article III's constitutional requirements for standing, a plaintiff must allege an actual or threatened injury to himself that is fairly traceable to the allegedly unlawful conduct of the defendant" and can be redressed by a favorable decision. Lamar Adver. of Penn, LLC v. Town of Orchard Park, 356 F.3d 365, 373 (2d Cir. 2004) (internal quotation marks omitted). Threatened injuries must be "certainly

impending," and there must be "a factual showing of perceptible harm." <u>Amnesty Int'l USA v. Clapper</u>, 667 F.3d 163, 194 (2d Cir. 2011) (internal quotation marks omitted), <u>cert. granted</u>, 132 S. Ct. 2431 (2012). When considering a challenge to plaintiff's standing at the motion to dismiss stage, a court may allow plaintiff to supply "further particularized allegations of fact deemed supportive of [his] standing." <u>Warth v. Seldin</u>, 422 U.S. 490, 501, 95 S. Ct. 2197, 2207 (1975).

Making all reasonable inferences in Beck's favor, he has standing to bring this action. Since May 2009, defendants have repeatedly advised him that he is in violation of the Town code, which he alleges is unconstitutional. On July 21, 2010, he was issued a summons charging him with a violation. Although this charge was ultimately dismissed, it was dismissed without prejudice. The tenor of the complaint implies that plaintiff has no intention of voluntarily removing his signs, making the issuance of future violations likely. Indeed, in plaintiff's response memorandum, he notes that defendants have served him with a summons and complaint again charging him with a violation of section 316.7. This complaint was filed in the Supreme Court, Tompkins County, on April 21, 2011.[3] Finally, if section 316.7 is ultimately deemed unconstitutional, it can no longer be enforced against plaintiff, and he may continue to display his signs.

Therefore, Beck has sufficiently alleged an actual or threatened constitutional injury that is fairly traceable to defendants' enforcement of the allegedly unconstitutional land use code. This injury can be redressed by a favorable decision. Accordingly, he has standing to bring this action.

---

[3] It is unclear if this action has been resolved or is still pending in state court.

### C. Personal Involvement—Defendant Morey

Although not raised by defendants, Morey must be dismissed from this action for lack of personal involvement.

The personal involvement of a defendant is an essential element of a § 1983 claim. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Further, a plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). A supervisor cannot be held liable for damages solely by virtue of being a supervisor because there is no respondeat superior liability under § 1983. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003) (per curiam).

However, a supervisor may be held liable under § 1983 by any of the following: (1) direct participation in the constitutional deprivation; (2) failure to remedy a wrong after learning about it through a report or appeal; (3) creation of a policy that sanctioned the violative conduct or allowed such conduct to continue; (4) grossly negligent supervision of personnel who committed the violation; or (5) failure to act after receiving information indicating constitutional violations were occurring. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Whether all five Colon bases for supervisor liability remain available in light of the United States Supreme Court's decision in Ashcroft v. Iqbal, 556 U.S. 662, 676–77, 129 S. Ct. 1937, 1948–49 (2009), is subject to debate in this circuit. See Reynolds v. Barrett, __ F.3d __, 2012 WL 2819351, at *8 n.14 (2d Cir. July 11, 2012) (noting "considerable skepticism" on whether all Colon factors survived Iqbal but not deciding the issue); McCarroll v. Fed. Bureau of Prisons, No. 9:08-CV-1343, 2010 WL 4609379, at *4 (N.D.N.Y. Sept. 30, 2010) (Lowe, M.J.) (noting that although the Second Circuit has not yet addressed Iqbal's

impact on the five Colon categories, several district courts have determined that it "nullified" some); D'Olimpio v. Crisafi, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (citing, but disagreeing with, several recent decisions that interpreted Iqbal as eliminating all but the first and third Colon categories), aff'd, 462 F. App'x 79 (2d Cir. 2012).

Even if all five bases of supervisory liability survived Iqbal, plaintiff has failed to allege sufficient personal involvement on the part of defendant Morey.  There is nothing in the complaint to suggest Morey was directly involved in the conduct that allegedly violated Beck's constitutional rights, knew that Beck's rights were being violated, created the ordinance at issue, or was grossly negligent in his supervision.  Plaintiff alleges that it was Coats who asked him to remove his displays, sent him letters and notices, and signed the summons accusing him of violating section 316.7.  There are no allegations implicating Morey in any of this conduct.  In fact, plaintiff specifically notes:  "I am charging Glenn Morey for he is Gary L. Coats [sic] supervisor."  Compl. at 5.  This is insufficient to hold Morey liable under § 1983, and he will therefore be dismissed from this action.

### D. **Constitutionality of Section 316.7**

Beck alleges that section 316.7 is unconstitutional and its enforcement violates his First Amendment right to free speech.

It is well-established that signs are a form of expression that is protected by the First Amendment.  City of Ladue v. Gilleo, 512 U.S. 43, 48, 114 S. Ct. 2038, 2041 (1994).  It is equally clear that the government may impose reasonable time, place, and manner restrictions on protected speech as long as they are content-neutral, "narrowly tailored to serve a significant government interest, and . . . leave open ample alternative channels for communication of the information."  Ward v. Rock Against Racism, 491 U.S. 781, 791, 109

S. Ct. 2746, 2753 (1989) (internal quotation marks omitted).

For example, a municipality has a significant interest in regulating signs that pose traffic hazards, distract drivers, or obstruct views. Gilleo, 512 U.S. at 48, 114 S. Ct. at 2041. Maintaining the aesthetic value of an area is also a significant government interest justifying restrictions on signs. Lusk, 475 F.3d at 491; see also Long Island Bd. of Realtors, Inc. v. Inc. Vill. of Massapequa Park, 277 F.3d 622, 628 (2d Cir. 2002) ("Where a legislature's ends are aesthetics and safety, permissible means have included the regulation of the size, placement, and number of signs . . . ."); Clear Channel Outdoor, Inc. v. Town Bd., 352 F. Supp. 2d 297, 304 (N.D.N.Y. 2005) ("[A]esthetics and traffic safety are regularly found to be substantial enough government interests to support a content-neutral regulation . . . ."); Sugarman v. Vill of Chester, 192 F. Supp. 2d 282, 295 (S.D.N.Y. 2002) (upholding content-neutral ordinance limiting the size and number of signs as "a reasonable restriction" furthering the town's interests in aesthetics, property values, and safety).  The party seeking to uphold the restriction on speech bears the burden of justifying it. Nat'l Adver. Co. v. Town of Babylon, 900 F.2d 551, 555 (2d Cir. 1990).

As noted above, neither party has submitted the actual code in which section 316.7 appears.  Plaintiff provided a list of amendments to various Town ordinances.  The entire portion of this document relating to section 316.7 is as follows:

Amend Section 316.7 of the Code to read:

Size and Number of Signs:  The maximum number of signs on any property shall be regulated according to the following guidelines:

| Zone | Number | Sizes |
|------|--------|-------|
| RA   | 2      | 50 square feet/ 5 square meters |

| | | |
|---|---|---|
| L | 1 | 6 square feet/ 0.5 square meters |
| M1 | No restriction | Total area of all signs not to exceed 100 square feet |
| M2 | No restriction | Total area of all signs not to exceed 100 square feet |
| I | No restriction | Total area of all signs not to exceed 100 square feet |

Dkt. No. 14, 6. The parties agree that this language reflects the applicable restrictions and that Beck's property falls within the "RA" classification.

According to this quoted language, the number and size of signs permitted is based on the type of property, not the content of the speech. The June 10, 2010, notice and the July 21, 2010, summons indicate plaintiff is in violation of the code due to the number and size of the signs on his property—not due to their content. Indeed, nothing in the complaint suggests that defendants' actions were taken due to the content of the signs displayed on Beck's property.[4] Further, defendants have not ordered Beck to remove all of the signs on his property. The June 10, 2010, notice instead requests that he "eliminate the violation." Dkt. No. 14, 5. Plaintiff may display two signs that are no more than fifty square feet in size. Section 316.7, as quoted above, is therefore content-neutral and leaves open ample alternative channels for communication.

However, there is nothing in the quoted language of section 316.7 identifying the government interest it is intended to serve. Defendants do not put forth any rationale for the number and size restrictions. In fact, they do not offer any argument whatsoever regarding the constitutionality of section 316.7. While it is logical to assume that section 316.7 was

---

[4] The photographs suggest Beck's signs express his political views and criticisms of Cornell University. There is nothing in the complaint from which to infer that defendants targeted Beck for enforcement or retaliated against him due to the content of his signs. Nor does Beck allege that he is being treated differently than other Town residents who display large signs on their property.

enacted to serve the significant government interests of traffic safety and aesthetics, a court may not take judicial notice of "an unstated and unexplained legislative purpose for an ordinance that restricts speech." Nat'l Adver. Co., 900 F.2d at 555–56 (invalidating restrictions on commercial speech because the ordinances did not contain statements of government interest and the defendant towns did not offer any extrinsic evidence of such interest). Therefore, defendants have not met their burden to justify this restriction on plaintiff's speech.

Accordingly, defendants' motion for judgment on the pleadings will be denied as to the First Amendment free speech claim.

**E.  Qualified Immunity—Defendant Coats**

Defendant Coats argues that he is entitled to qualified immunity because plaintiff cannot establish that any of his constitutional rights were violated.

Qualified immunity generally protects government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). However, even if the constitutional rights are clearly established, a government actor may still be shielded by qualified immunity "if it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991).

As explained above, Beck sufficiently alleges that section 316.7 is unconstitutional and that its enforcement therefore violates his First Amendment right to free speech. Even if he ultimately prevails on this claim, however, Coats is entitled to qualified immunity. The sole conduct attributed to Coats is his issuance of correspondence, a notice, and a summons

charging Beck with violating section 316.7.  Plaintiff does not dispute that his signs violate section 316.7, and the photographs show he has more than two large signs on his property.  Thus, it was objectively reasonable for Coats to believe his conduct—enforcing a municipal ordinance based on probable cause that it had been violated—did not deprive plaintiff of his constitutional rights.  See Mangino v. Inc. Vill. of Patchogue, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (granting qualified immunity to code enforcement officer who issued tickets based on probable cause that the village code had been violated); Serbalik v. Gray, 27 F. Supp. 2d 127, 133–34 (N.D.N.Y. 1998) (McAvoy, C.J.) (town official who issued appearance ticket entitled to qualified immunity where he had probable cause to believe town code had been violated); Maybee v. Town of Newfield, 789 F. Supp. 86, 92 (N.D.N.Y. 1992) (McCurn, C.J.) (town code enforcement officer granted qualified immunity because "he reasonably believed that he was acting lawfully" when he issued appearance tickets to plaintiffs).

       Accordingly, Coats is entitled to qualified immunity with respect to the First Amendment claim asserted against him in his individual capacity.  To the extent Coats is also sued in his official capacity, "[i]t is axiomatic that claims against an individual in his official capacity are to be treated as claims against the municipality."  Serbalik, 27 F. Supp. 2d at 134.  Therefore, the First Amendment claim challenging the constitutionality of section 316.7 may only be asserted against the Town, and Coats will be dismissed from this action.

       As the Town is the only remaining defendant in this action, plaintiff may not seek punitive damages.  See DiSorbo v. Hoy, 343 F.3d 172, 182 (2d Cir. 2003) (punitive damages may not be awarded against a municipality for claims brought pursuant to § 1983).

## IV. CONCLUSION

       Beck adequately alleges that section 316.7 infringes upon his freedom of speech as

guaranteed by the First Amendment.  Defendants fail to meet their burden to establish that this ordinance serves a significant government interest.  Therefore, plaintiff's sole federal claim survives the motion for judgment on the pleadings.  However, defendant Coats is entitled to qualified immunity because it was objectively reasonable for him to believe that enforcing section 316.7 did not violate Beck's constitutional rights.  Moreover, there are no allegations that defendant Morey was personally involved in any of the conduct that gave rise to plaintiff's claim.

    Therefore, it is

    ORDERED that

    1. Defendants' motion for judgment on the pleadings is GRANTED in part and DENIED in part;

    2. Defendants Gary L. Coats and Glenn Morey are DISMISSED;

    3. Plaintiff's request for punitive damages is DISMISSED; and

    4. The federal free speech claim against the defendant Town of Groton remains.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: July 19, 2012
       Utica, New York.